IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY HOWARD KIMMEL,            ) | |
| ) | |
| Plaintiff,            ) | |
| ) | |
| v.            ) | Civil Action No. 22-94-E |
| ) | |
| KILOLO KIJAKAZI,            ) | |
| *Acting Commissioner of Social Security*,            ) | |
| ) | |
| Defendant.            ) | |

O R D E R

AND NOW, this 12th day of September, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and his claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

1

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in failing to fully consider evidence of the post-surgical limitations imposed after his two sternal surgeries in formulating his residual functional capacity ("RFC").  The Court disagrees and finds that substantial evidence supports the ALJ's determination that Plaintiff is not disabled.

There are two relevant sets of post-surgical instructions here, both imposed by attending surgeon Danny Chu, M.D.  The first limited Plaintiff to lifting no more than ten pounds with no driving for four weeks following his November 3, 2017 sternal surgery. (R. 421).  The second, imposed after his December 20, 2018 surgery to address sternal wire issues stemming from the first surgery, provided: "We also recommend the continuation of Sternal Precautions: No lifting over 10 pounds, No Pushing, No Pulling[,] No Overhead work; until he is 18 months out from Original date of surgery (Restrictions through 3 May 2019)." (R. 2325-26).  The ALJ treated the first set of instructions as a medical opinion but found it unpersuasive because of the limited duration of the restrictions and because it was inconsistent with other record evidence, including Plaintiff's general lack of distress and normal strength and his ability to perform his activities of daily living. (R. 18-19).  The ALJ discussed Plaintiff's second surgery but did not expressly discuss the post-surgical instructions from that procedure. (R. 16).  Plaintiff contends that the ALJ wrongfully dismissed the first set of instructions, improperly ignored the second, and failed to consider that together they constitute an opinion covering a period of 18 months.

It is clear that the original post-surgical instructions applied only for four weeks.  The second covered a period from December 20, 2018 to May 2, 2019 – approximately two and a half months.  However, Plaintiff argues that by tying the second set in with the first and saying that the restrictions apply until 18 months after the original surgery, Dr. Chu was indicating that these limitations had, in fact, been present ever since the first surgery.  However, this argument does not accord with the language in Dr. Chu's instructions or the record as a whole.  Dr. Chu stated that the restrictions following Plaintiff's December 20, 2018 surgery were in place "until he is 18 months out from [the o]riginal date of surgery" (R. 2326), but nothing he said implied that these restrictions should have been in place at any point prior to the December 2018 surgery.  Merely referencing the first surgery in no way suggests what functional limitations Dr. Chu believed Plaintiff to have had from November of 2017 until December of 2018.  Moreover, given that Dr. Chu expressly saw the second set of discharge instructions as a continuation of the first, implying that the restrictions should have applied the entire period between the two surgeries would mean that he saw the need for no additional restrictions specifically stemming from the 2018 surgery.  The 2018 surgery was clearly the catalyst for the second set of instructions as well as a significant medical event, so it seems very unlikely that Dr. Chu's recommended limitations after that surgery would amount to little more than an opinion that Plaintiff should keep doing what he should have been doing before the surgery.  The ALJ clearly did not read the language as such within the context of the record, and the Court will not do so either.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED as set forth herein.

s/Alan N. Bloch<br>United States District Judge

ecf:     Counsel of record

---

Further, reading the December 20 post-surgical instructions as a statement of Plaintiff's conditions between that sternal surgery and his first in November of 2017 would ignore a substantial amount of evidence from the inter-surgical period showing significant improvement in Plaintiff's condition. Fortunately, the ALJ did not ignore this evidence, but rather discussed it extensively. (R. 16). Plaintiff does point to evidence documenting complications present between the two surgeries, but nothing to which he cites suggests a consistent limitation that needed to be included in the RFC. To the extent that Plaintiff believes that the evidence paints a different picture of his condition from November of 2017 to December of 2018, the Court emphasizes that if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence nor reverse merely because it would have decided the claim differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).

Therefore, the Court finds that Dr. Chu's post-surgical instructions cannot reasonably be read as an opinion as to Plaintiff's functional limitations for the entire 18-month period from November 3, 2017 through May 3, 2019. Rather both sets of instructions were, as the ALJ treated them, temporary measures imposed to help Plaintiff recover from surgery. Although the ALJ did not separately address the second set of discharge instructions, because they came from the same medical source he properly considered them "in a single analysis." *See* 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). This was especially appropriate given that Dr. Chu himself stated that the December 2018 post-surgical instructions were a continuation of those from the November 2017 surgery. Regardless, the ALJ discussed and explained the basis for his RFC findings with significant specificity, discussing Plaintiff's medical history, the clinical findings such as normal strength and stable gait, and Plaintiff's daily activities. (R. 17-18). He also evaluated not only Dr. Chu's opinions, but several other opinions in making his findings. (R. 18-19). The Court finds his discussion to have been more than adequate to establish the basis for his findings.

Accordingly, for the reasons set forth herein, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports his findings. The Court will therefore affirm.